# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Appeal of Ralph and Nina Sposato | : | <u>CASES CONSOLIDATED</u> |
| | : | |
| From a decision of the Board of Revision of Taxes of the City of Philadelphia | : : : : | |
| | : | |
| Appeal of: City of Philadelphia | : | No. 1799 C.D. 2019 |
| | : | |
| Appeal of Ralph and Nina Sposato | : | |
| | : | |
| From a decision of the Board of Revision of Taxes of the City of Philadelphia | : : : : | |
| | : | |
| Appeal of: City of Philadelphia | : | No. 1800 C.D. 2019 |
| | : | |
| Appeal of Ralph and Nina Sposato | : | |
| | : | |
| From a decision of the Board of Revision of Taxes of the City of Philadelphia | : : : : | |
| | : | |
| Appeal of: City of Philadelphia | : | No. 1801 C.D. 2019 |
| | : | |
| | : | Submitted: March 18, 2022 |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                FILED: July 31, 2023

This tax assessment appeal, which involves three consolidated cases,[1] presents somewhat of a procedural quagmire. The City of Philadelphia (City) has filed three appeals from two orders entered by the Court of Common Pleas of Philadelphia County (trial court) at two separate dockets below involving the same parcel and same tax years. Specifically, the City appeals the March 8, 2019 order entered at Case No. 1710039, which remanded the tax appeal to the Board of Revision of Taxes (Board). The City also appeals the October 28, 2019 order entered at Case No. 190605655 (consolidated with No. Case 171003009), directing the Office of Property Assessment (OPA) to restore the market value of Nina and Ralph Sposato's (Taxpayers) property for 2017, 2018, and 2019 at the 2016 certified market value of $81,300.

In its Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 1925(a) opinion, the trial court has asked that we remand this matter to enable it to consider whether Taxpayers should be allowed to offer their appraisal at trial in Case No. 190605655. In accord with the trial court's request, we vacate and remand the case for further proceedings.

## I. **Factual and Procedural History**

Taxpayers are the owners of 16A Shawmont Avenue, Philadelphia (Property), a steeply sloped and landlocked vacant parcel of approximately 2.3 acres, east of a power transmission facility. Taxpayers purchased the Property in 2001 for $43,000. The Property is one of ten parcels sold at the same time to different purchasers. The aggregate purchase price for the ten parcels was $900,000. The total area of the ten parcels is approximately 48.3 acres. The Property represents 4.778% of the said 48.3 acres. The purchase price for the Property, $43,000, was determined by dividing the $900,000 purchase price by 4.778%. (Reproduced Record (R.R.) at 43a.)

---

[1] By order dated September 15, 2020, this Court granted the City's unopposed application to consolidate the appeal.

2

For the initial years following the Actual Value Initiative (AVI),[2] from 2014-2016, the Property's Market Value was certified at $81,300. For 2017, following a reassessment, the OPA certified the Property's Market Value at $764,600, which represented an increase of **940%**. Taxpayers appealed the 2017 Market Value assessment to the Board. Following a hearing, the Board entered an order dated September 25, 2017, directing that the Market Value of the Property be reduced from $764,600 to $600,000. *Id*. at 15a. Taxpayers timely appealed the Board's September 25, 2017 order to the trial court at docket number 171003009. *Id*. at 14a.

The trial court entered a case management order that directed the close of discovery and dates for the tendering of expert reports. Taxpayers did not identify an appraiser or tender an appraisal report within the allotted time. The trial court postponed the trial from November 5, 2018, to January 16, 2019. Four days before the trial, Taxpayers provided the City with an expert appraisal report.

A. January 16, 2019 Trial – Case No. 171003009

At the outset of trial, the City asked the trial court to dismiss the appeal as the result of Taxpayers' discovery violations and objected to the offering of Taxpayers' expert appraiser based on Taxpayers' failure to timely submit the report by the court's deadline. (R.R. at 29-34a.) In response, to avoid the sanction of dismissal, Taxpayers' counsel stated that he did not intend to offer the testimony of the appraiser, advising the court that it was not necessary.[3] *Id*. at 35a. Counsel stated: "The appraisal's not

_____

[2] AVI is a program for the assessment of all real property, land, and buildings in Philadelphia, effective Tax Year 2014, at their current market value. https://311.phila.gov/s/article/What-is-the-Actual-Value-Initiative-AVI-1416909146096 (Last visited 6/14/23).

[3] Before the Board, the taxpayer must provide an appraisal report with the appeal only for properties assessed at over one million dollars. *See* https://www.phila.gov/media/20190930155204/2020-Market-Value-Appeal-Form-and-Instructions.pdf (Last visited July 28, 2023). Taxpayers' counsel apparently believed that this rule also applies in appeals to the trial court *de novo*.

here. I don't intend to offer it and it's not needed for [Taxpayers'] case." *Id*. Counsel later re-affirmed that "we're not going to introduce any appraisal." *Id*. The trial court ruled that the case could proceed.

The City presented OPA's certified $600,000 Market Value Assessment [Assessment] for 2017 and 2018. *Id*. at 20-24a.

To rebut the presumption of the Assessment's validity and to establish the arbitrariness of the 940% increase in 2017, Taxpayers presented evidence showing that the Property could not be developed due to its steep slopes and inaccessibility to an open public street and public utilities. They argued that the certified AVI value for 2016 should be reinstated because a 940% increase was drastic and unfair in that the Property had no development value. Taxpayer, Mr. Sposato, testified that he purchased the property in 2001 for about $40,000 and that his reason for appeal in tax year 2017 was the drastic increase in his tax year 2017 assessment over his tax year 2016 assessment. He did not testify as to his opinion of the Property's tax year 2017 value. (R.R. at 25a-108a.) Mr. Sposato testified that he recently attempted to develop a portion of his property that is on Shawmont Avenue and proposed to build four homes. He filed a zoning application that was denied because he did not have the required variances for steep slopes. *Id*. at 58a-60a.

Taxpayers also presented the testimony of an expert landscape architect and land planner, George Ritter, who testified that the recorded deeds and easements affecting the Property was not accessible from an open public street. Mr. Ritter explained that the Property had no access to public water or sewer and that over 66% of the Property could not be disturbed under the Philadelphia Pa. Zoning Code (2012), due to regulation of steep slopes. Mr. Ritter further opined that the Property was simply

4

"excess land" without any development potential. *Id*. at 52-62a, 77a-87a. He did not provide an opinion of the Property for tax year 2017 value.

As further proof of the invalidity of the 2017 assessment, Taxpayers submitted four articles published in the *Philadelphia Inquirer*, which reported on the findings published by consultants engaged by the City and City Council to review OPA practices. Taxpayer moved the trial court to take judicial notice, pursuant to Pennsylvania Rule of Civil Procedure 201, that the OPA's assessment process was dysfunctional. *Id*. at 96a-97a. Taxpayers argued that it was common knowledge that market value assessments published by OPA were predicated on insufficient and erroneous data, that OPA did not analyze the quality of assessments, that the OPA did not publish its methods or practices to the public, and, as a result of that dysfunction, the City's Mayor and City Council relied on the reports of their respective independent consultants to suspend a City-wide assessment until necessary reforms could be implemented. Taxpayers argued that it was appropriate for the trial court to take judicial notice of the dysfunctionality of the City's assessment process because it was so well known and beyond reasonable dispute. They argued that the Board's determinations should be vacated due to, *inter alia*, dysfunction and mismanagement by the OPA, and that the 2016 assessment that was in place prior to the 940% increase should be restored.

B.      Remand to the Board and Appeal – Case No. 190605655

On March 8, 2019, the trial court issued an order remanding the case to the Board to make "further determinations as to the [M]arket [V]alue" of the Property. (R.R. at 5a.) The order further directed the City to present its assessment records and the testimony of an assessment officer to establish the validity of the Assessment. *Id*. The trial court ordered that Taxpayers "shall be permitted the opportunity to rebut the

5

[City's] Assessment." *Id*. On April 25, 2019, the Board held a hearing and received evidence that the Property had no development possibility due to extraordinary topographic and geographic conditions. Taxpayers presented the testimony of their certified Pennsylvania appraiser, Joseph Benincasa. By order dated May 8, 2019, the Board denied a reduction of the 2017 market value of the Property and kept the assessment at $600,000. (R.R. at 18a.) Taxpayers appealed to the trial court at docket number 190605655. (R.R. at 7a-8a.) The case was consolidated with Case No. 171003009. An entirely new case management order was entered and trial was scheduled for October 8, 2019.

On October 8, 2019, when the parties appeared for trial on Case No. 190605655 (appeal from the Board's decision on remand), Taxpayers were prepared to present the testimony and expert report of Mr. Benincasa (which they had presented to the Board on remand). The City moved to exclude all of Taxpayers' evidence on grounds of *res judicata*, collateral estoppel and *lis pendens*. The City also argued that the trial court's remand to the Board was procedurally improper. In response, Taxpayers' counsel argued that these equitable doctrines do not apply because there was no decision on the merits in the first trial and because the new appeal was from an entirely new decision of the Board based on new evidence presented by Taxpayers. The trial court ordered the parties to file supplemental briefs on the issue of whether Taxpayers should be allowed to present their expert witness testimony at trial in Case No. 190605655. However, due to a clerical error at the Philadelphia County Office of Judicial Records, the parties' submissions were not given control numbers so the trial court never received them.

Having not received timely briefs, on October 28, 2019, the trial court issued an order concluding that Taxpayers had successfully rebutted the presumption

6

that the OPA's 2017 Market Value Assessment was valid and directing that the 2017, 2018, and 2019 tax assessments be restored at the 2016 assessed value, which was $81,300. (Trial Ct. Order, 10/28/19 at 1; R.R. at 10a.)

The City filed Notices of Appeal on November 26, 2019. In its Pa. R.A.P. 1925(a) opinion, the trial court explained that it had entered its October 28, 2019 order before it had the chance to consider the parties' arguments on the issue of whether Taxpayers should be allowed to offer their appraisal at trial in Case No. 190605655. (Trial Ct. Op., 1/6/21, at 1-2; R.R. at 12a-13a.) The trial court has asked that, in the interest of judicial economy, we remand the matters so it can pick up where it left off and decide whether Taxpayers' appraisal expert should be allowed to testify in the new trial. *Id*. Specifically, the trial court explained,

> [d]ue to the parties' contentious arguments, this Court ordered both parties to file subsequent briefs on the issue of [Taxpayers'] expert witness testimony. The docket reflects that [the City] filed its brief under both case numbers on October 15, 2019. [Taxpayers] filed their brief as a Post[-]Trial Motion on October 16, 2019, under case number 190605655 only. Due to a clerical error at the Office of Judicial Records, [Taxpayers'] Post Trial Motion and [the City's] were not given corresponding control numbers and the matter was closed before this Court made a final determination.
>
> * * * *
>
> In the interests of judicial economy, this Court respectfully requests that the above captioned consolidated appeals be remanded to this Court for a proper adjudication on the Post Trial Motion.

*Id*. at 2.

In light of the breakdown in the operation of the trial court and considering that the trial court has requested remand of this case, we vacate its October 28, 2019 order and remand for further proceedings consistent with this Memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Appeal of Ralph and Nina Sposato | : | CASES CONSOLIDATED |
| | : | |
| From a decision of the Board of Revision of Taxes of the City of Philadelphia | : : : | |
| | : | |
| Appeal of: City of Philadelphia | : | No. 1799 C.D. 2019 |
| | : | |
| Appeal of Ralph and Nina Sposato | : | |
| | : | |
| From a decision of the Board of Revision of Taxes of the City of Philadelphia | : : : | |
| | : | |
| Appeal of: City of Philadelphia | : | No. 1800 C.D. 2019 |
| | : | |
| Appeal of Ralph and Nina Sposato | : | |
| | : | |
| From a decision of the Board of Revision of Taxes of the City of Philadelphia | : : : | |
| | : | |
| Appeal of: City of Philadelphia | : | No. 1801 C.D. 2019 |

## ***ORDER***

AND NOW, this 31st day of July, 2023, the October 28, 2019 order of the Court of Common Pleas of Philadelphia County (trial court) is VACATED and the matter is REMANDED to the trial court for further consideration.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge